OPINION
Defendant-appellant, Paulus Thomas, appeals from the February 4, 1999 decision and entry of the Franklin County Court of Common Pleas adjudicating appellant a sexual predator pursuant to R.C. Chapter 2950. Because we find that the trial court's determination that appellant is a sexual predator by clear and convincing evidence was not against the weight of the evidence, we affirm.
On May 17, 1996, a jury found appellant guilty of rape in case No. 96CR-486. The trial court sentenced him to a term of imprisonment of ten to twenty-five years. On August 1, 1996, appellant pleaded guilty in case No. 96CR-2916 to one count of corruption of a minor in violation of R.C. 2907.04. Appellant was sentenced to a two-year term of imprisonment to be served concurrently with the sentence of ten to twenty-five years.
On February 2, 1999, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(C). At the hearing, the parties stipulated to appellant's criminal record. The stipulated evidence indicated that appellant had the following record of convictions: 1985, impersonating a police officer; 1985, carrying a concealed weapon (misdemeanor); 1986, assault; 1988, carrying a concealed weapon (felony); 1990, corruption of a minor, a felony of the third degree for which a prison sentence was imposed; and the two most recent convictions, rape and corruption of a minor. At the hearing, appellant argued that there was insufficient evidence presented by the state to support a determination that appellant was likely to engage in the future in one or more sexually oriented offenses. The defense also noted that, with respect to case No. 96CR-486 in which appellant was found guilty of rape, appellant has always maintained his innocence with respect to that charge. By journal entry dated March 3, 1999, the trial court found by clear and convincing evidence that appellant is a sexual predator.
It is from this judgment entry that appellant appeals, raising the following single assignment of error:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01 (E) is contrary to the weight of the evidence.
R.C. 2950.01(E) defines a "Sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Certain registration and verification of address requirements and public notification provisions apply to a person who is adjudicated to be a sexual predator. See, generally, R.C. 2950.04, 2950.06, 2950.07,2950.10, and 2950.11.
Pursuant to R.C. 2950.09(B) and (C), a trial court holds a hearing to determine whether an incarcerated defendant who has been convicted of a sexually oriented offense is a sexual predator by clear and convincing evidence. In so doing, the trial court considers all "relevant factors," including but not limited to the following specific factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. [R.C. 2950.09(B)(2).]
As this court recently stated, an appellate court in reviewing a finding that appellant is a sexual predator "must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551, 4558); see, generally, State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported (1998 Opinions 4961). Clear and convincing evidence is "`[t]hat measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122 (quoting Cross v. Ledford [1954],161 Ohio St. 469, paragraph three of the syllabus).
Appellant contends that the evidence adduced below was insufficient to support a conclusion that he is likely to engage in a sexually oriented offense in the future.
In this case, the trial court found that appellant was approximately twenty-eight years old at the time of the offense committed in case No. 96CR-486 and age twenty-seven at the time he committed the offense in case No. 96CR-2916. The trial court also noted that the victim in case No. 96CR-486 was approximately eighteen years old at the time of the offense, and that the victim in case No. 96CR-2916 was approximately fourteen years old. The trial court noted that there was one victim in each case; that there was no evidence that drugs or alcohol was used to impair the victims; that appellant previously was convicted of and completed a prison sentence for corruption of a minor; and that appellant engaged in vaginal intercourse with a fourteen-year-old child and forcibly raped an eighteen-year-old victim, infecting her with an incurable venereal disease. The trial court found no evidence on the subject of mental illness or disability of appellant. Other than the criminal acts, there was no evidence of additional cruelty towards the victims nor were any other factors brought to the attention of the court. The trial court specifically noted that appellant's background included five prior convictions for violations of the criminal code including a prior conviction for corruption of a minor, a sexual assault upon a minor child and that appellant has now been convicted of three separate sex offenses. Thus, the trial court concluded that, "the risk of recidivism by this defendant is real, probable and cannot be ignored." (Feb. 4, 1999 Decision at 5.)
Our review of the record reveals that appellant has an extensive criminal record. Moreover, appellant has committed repeated sex offenses over a period of time. Two of appellant's victims were minors. This court has noted that there is a high potential of recidivism among sex offenders whose crimes involve the exploitation of young children, and that past behavior is often an important indicator of future propensity. State v.Daniels (Feb. 24, 1998), Franklin App. No. 97AP-830, unreported (1998 Opinions 368, 374), affirmed (1998), 84 Ohio St.3d 12.
For the foregoing reasons, we find that the trial court's determination that appellant is a sexual predator was supported by clear and convincing evidence. Therefore, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.